IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:13CR244 |
| Plaintiff, ) | |
| ) | FINDINGS AND |
| v. ) | RECOMMENDATION |
| ) | |
| FROILAN CUEVAS, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the Motion to Suppress (Filing No. 73) filed by defendant Froilan Cuevas (Cuevas). Cuevas is charged in the Indictment with a conspiracy to distribute and possess with intent to distribute methamphetamine (Count II) in violation of 21 U.S.C. § 846. Cuevas is also charged in a Forfeiture Allegation, along with Jorge Munoz-Ramon (Munoz-Ramon), Luis Vallejo (Vallejo), and Luis Meza-Galvez (Meza-Galvez), involving seizures of various amounts of U.S. currency in violation of 21 U.S.C. § 853. Cuevas seeks to suppress evidence seized by law enforcement officers from him, his telephone, and his vehicle in Omaha, Nebraska, on May 24, 2013. Cuevas also seeks to suppress all statements he made while in custody sitting in Officer Phenis' cruiser on May 24, 2013.

The court held an evidentiary hearing on August 27, 2013. Cuevas was present with his counsel, Thomas L. Niklitschek. The United States was represented by Special Assistant U.S. Attorney Martin J. Conboy, IV. The court heard the testimony of Detective Robert Branch, Jr. (Detective Branch) and Officers Adolfo Hernandez (Officer Hernandez) and James Phenis (Officer Phenis) of the Omaha Police Department (OPD). The court also received into evidence a rights advisory form (Ex. 1) and an affidavit for a search warrant (Ex. 101). A transcript (TR.) of the hearing was prepared and filed on September 5, 2013 (Filing No. 97).

**FINDINGS OF FACT**

In May of 2013, the OPD was investigating methamphetamine trafficking in the Omaha area involving Munoz-Ramon and others (TR. 5). Using a cooperating witness (CW), OPD officers identified individuals, locations, and vehicles used in the

methamphetamine trafficking (TR. 5). On May 24, 2013, a black Jeep Cherokee (Jeep) was under OPD surveillance as one of the vehicles identified in the methamphetamine trafficking (TR. 6). The Jeep arrived at 2222 Vinton in Omaha where a woman got out and a Hispanic male got in and drove to the area of 18th and Vinton (TR. 6). There the driver, Cuevas, got out and returned with a male passenger (TR. 7). The vehicle drove to an apartment building at 4131 South 25th Street where Cuevas removed an object from the Jeep and entered the apartment building (TR. 8). Cuevas was followed into the apartment building and was observed entering Apartment 12 (TR. 8). Shortly thereafter, the CW made a telephone call to Ramon-Munoz to inform him the CW had cash to pay Ramon-Munoz for methamphetamine (TR. 9). The CW directed Ramon-Munoz to the Hawthorne Suites near 72nd and Interstate 80 for the transaction (TR. 9). Ramon-Munoz was observed leaving 4131 South 25th Street in the Jeep driven by Cuevas and driving to the Hawthorne Suites (TR. 9). There, the CW met Ramon-Munoz at the Jeep and both Ramon-Munoz and the CW walked into the Hawthorne Suites room where the CW handed Ramon-Munoz currency (TR. 9). OPD officers moved in and arrested Ramon-Munoz (TR. 10). Ramon-Munoz was interviewed and told the officers of his drug trafficking and that Cuevas was a driver for him (TR. 12).

Cuevas was approached, removed from the Jeep, detained and placed in Officer Phenis' vehicle (TR. 17). Cuevas was patted down and Officer Hernandez found phones in Cuevas' pocket (TR. 27). Cuevas was asked if the officers could search the Jeep and Cuevas told them to "go ahead" (TR. 25). The Jeep was searched and nothing of evidentiary value was found (TR. 27). Detective Branch went outside and explained to Cuevas, who was now handcuffed in Officer Phenis' vehicle, why Cuevas was being detained, and informed Cuevas that Officer Phenis would be interviewing him (TR. 13).

Officer Phenis advised Cuevas of his *Miranda* rights using a rights advisory form (TR. 35; Ex. 1). Cuevas stated he understood the rights as each one was read to him and agreed to talk with Officer Phenis without an attorney (TR. 38). During the interview, phones which were taken from Cuevas when he was removed from the Jeep were brought to Officer Phenis who asked Cuevas for permission to go through the phones (TR. 40). Cuevas agreed (TR. 40).

## LEGAL ANALYSIS

Cuevas was properly detained in the Jeep vehicle when he was observed driving Munoz-Ramon to the Hawthorne Suites in the Jeep for the controlled drug transaction and waiting outside in the Jeep. The law enforcement officers had probable cause to believe Cuevas was involved in the controlled drug transaction taking place at the Hawthorne Suites and to detain Cuevas. ***Terry v. Ohio***, 392 U.S. 1 (1968); ***United States v. Mayo,*** 627 F.3d 709, 713 (8th Cir. 2010); ***United States v. Ortiz-Monroy***, 332 F.3d 528 (8th Cir. 2003). Cuevas' person was searched prior to being placed in Officer Phenis' vehicle and the cells phones were found on Cuevas person. Cuevas was asked for permission to search the vehicle and Cuevas consented. From the totality of the circumstances, the court finds Cuevas' consent to have been voluntarily given. **See *United States v. $231,930.00***, 614 F.3d 837 (8th Cir. 2010). In any event, nothing of evidentiary value was found in the Jeep.

While Cuevas was in custody, Cuevas was read his ***Miranda*** rights, waived them, and agreed to talk with Officer Phenis. ***Miranda v. Arizona***, 384 U.S. 436 (1966). Under the totality of the circumstances, the court finds Cuevas' statements to have been voluntarily made. ***Schneckloth v. Bustamonte***, 412 U.S. 218 (1973). During the interview, Cuevas gave Officer Phenis permission to look through the phones Cuevas had in his possession at the time of his detention.

Cuevas' motion to suppress is wholly without merit.

**IT IS RECOMMENDED TO JUDGE JOHN M. GERRARD** that:

Cuevas' Motion to Suppress (Filing No. 73) be denied.

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Order and Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order and Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any

objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 17th day of October, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge