IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:13CR244 |
| Plaintiff, ) | |
| ) | FINDINGS AND |
| v. ) | RECOMMENDATION |
| ) | |
| FROILAN CUEVAS, ) | |
| ) | |
| Defendant. ) | |

     This matter is before the court on the Motion to Dismiss (Filing No. 63) filed by defendant Froilan Cuevas (Cuevas). Cuevas is charged in the Indictment with a conspiracy to distribute and possess with intent to distribute methamphetamine (Count II) in violation of 21 U.S.C. § 846. Cuevas is also charged in a Forfeiture Allegation, along with Jorge Munoz-Ramon (Munoz-Ramon), Luis Vallejo (Vallejo), and Luis Meza-Galvez (Meza-Galvez), involving seizures of various amounts of U.S. currency in violation of 21 U.S.C. § 853. Cuevas seeks to dismiss Count II of the Indictment. The court held an evidentiary hearing on August 27, 2013. Cuevas was present with his counsel, Thomas L. Niklitschek. The United States was represented by Special Assistant U.S. Attorney Martin J. Conboy, IV. A transcript (TR.) of the hearing was prepared and filed on September 5, 2013 (Filing No. 97).

     Count I of the Indictment charges Munoz-Ramon, Vallejo, and Meza-Galvez with a conspiracy to distribute and possess with intent to distribute over 500 grams methamphetamine from March 2013 to May 24, 2013, in the District of Nebraska. **See** Filing No. 1 - Indictment. Cuevas is charged alone in Count II with a conspiracy to distribute and possess with intent to distribute some methamphetamine from March 2013 to May 24, 2013 in the District of Nebraska. **See** *id.* The difference between the two counts appears to be the amount of methamphetamine involved in Count I which would invoke a statutory mandatory minimum. The government asserted at an earlier hearing that the two counts involve the same conspiracy. Cuevas asserts the counts are multiplicitous as to him since he could be convicted as to both counts.

First, Cuevas is not charged in Count I and cannot be convicted of Count I. He alone is charged in Count II and is the only charged defendant who can be convicted of Count II. Second, while Counts I and II may involve the same conspiracy to distribute and possess with intent to distribute methamphetamine, Count II was apparently charged to differentiate Cuevas from the other defendants by charging a non-minimum amount of methamphetamine to Cuevas in order to avoid a statutory minimum sentence upon conviction. While the Indictment may be inartfully drafted, Counts I and II are neither multiplicitous or duplicitous as to Cuevas. Carefully drafted jury instructions will avoid any juror confusion during a joint trial of all the named defendants to preclude any prejudice to Cuevas or the other defendants.

**IT IS RECOMMENDED TO JUDGE JOHN M. GERRARD** that:

Cuevas' Motion to Dismiss (Filing No. 63) be denied.

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Order and Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order and Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 17th day of October, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge