IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13-CR-244 |
| vs. | |
| FROILAN CUEVAS, | MEMORANDUM AND ORDER |
| Defendant. | |

      This matter is before the Court on the defendant Froilan Cuevas' Motion to Dismiss (filing 63) and the United States Magistrate Judge's Findings and Recommendation (filing 114), recommending that Cuevas' motion be denied. Cuevas has timely objected (filing 117) to the Findings and Recommendation. As the Court explains below, the Magistrate Judge's Findings and Recommendation will be adopted, Cuevas' motion denied, and his objection overruled.

## ANALYSIS

      Cuevas is charged in a multi-count indictment with three other defendants. Only Counts I and II are relevant to the matter before the Court. Count I alleges that the three other defendants (along with other persons known and unknown) conspired to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. That conspiracy was alleged to have run from March 2013 to May 24, 2013. Filing 1 at 1. Count II alleges that Cuevas conspired with persons known and unknown to distribute and possess with intent to distribute the same controlled substance from the same dates. However, Count II does not allege that any particular quantity of controlled substances was involved. Filing 1 at 1–2.

      Cuevas previously filed a Motion for Bill of Particulars, arguing among other things that it was not clear whether he was charged with participating in one or several conspiracies. Filing 50. At a hearing on that motion, counsel for the government stated that the government was alleging one overall conspiracy encompassing all four defendants, but that Cuevas was charged separately to subject him to a lower statutory penalty. Filing 55 at 3:00–4:30.

In the pending motion to dismiss, Cuevas argues that if both counts allege the same conspiracy, the indictment is multiplicious, and he therefore requests that Count II be dismissed. The Magistrate Judge correctly found Cuevas' argument to be without merit.

A multiplicious indictment is one charging the same offense in more than one count. *United States v. Mann,* 701 F.3d 274, 285 (8th Cir. 2012). The principal danger raised by a multiplicious indictment is the possibility that the defendant will receive more than one sentence for a single offense, in violation of the Double Jeopardy Clause of the Fifth Amendment. *Id.*; *United States v. Hinkeldey,* 626 F.3d 1010, 1013 (8th Cir. 2010). But as the Magistrate Judge correctly found, Cuevas is in no danger of being twice convicted of the same offense—Cuevas is not named in Count I of the indictment and therefore cannot be convicted of Count I.

Cuevas further argues that, should this case proceed to trial, a jury might be confused by the existence of two counts covering the same conspiracy. This Court again concurs with the Magistrate Judge that any potential juror confusion may be avoided through properly crafted jury instructions. Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (filing 114) are adopted.

2. The defendant's Motion to Dismiss (filing 63) is denied.

3. The defendant's objection (filing 117) is overruled.

Dated this 20th day of November, 2013.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge