IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>FROILAN CUEVAS and LUIS MEZA-GALVEZ,<br><br>            Defendants. | 8:13-CR-244<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

    This matter is before the Court on the plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 232). Count I of the superseding indictment in this case (filing 141) charged the defendant Luis Meza-Galvez with a violation of 21 U.S.C. §§ 841 and 846. Count II charged the defendant Froilan Cuevas with a separate violation of 21 U.S.C. §§ 841 and 846. The operative indictment also contained a forfeiture allegation seeking the forfeiture, pursuant to 21 U.S.C. § 853, of the following properties, on the basis that they were used to facilitate the commission of these offenses or were derived from proceeds obtained, directly or indirectly, as a result of the offenses:

    a.    $396.00 in United States currency seized from the person of JORGE MUNOZ-RAMON on May 23, 2013.

    b.    $226.00 in United States currency seized from the person of FROILAN CUEVAS on May 23, 2013.

    c.    $772.00 and $4,000.00 in United States currency seized from the apartment at 4131 S. 25th St. #12, on May 23, 2013.

    d.    $4,900.00, $777.00, and $680.00 in United States currency seized from LUIS VALLEJO.

Filing 141 at 2–3.
    Cuevas and Meza-Galvez have pleaded guilty to the respective crimes charged above and admitted the forfeiture allegation. *See*, filings 156, 157, and 215 (Cuevas); *and* filings 194, 197, and 237 (Meza-Galvez). By virtue of

pleading guilty to those charges and admitting the forfeiture allegation, these defendants have forfeited their interests in the properties above, and the plaintiff is entitled to possession of the properties pursuant to 21 U.S.C. § 853.[1] Accordingly,

IT IS ORDERED:

1. The plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 232) is granted.

2. Based upon the defendants' guilty pleas and admissions of the forfeiture allegation of the indictment, the plaintiff is authorized to seize the following properties:

    a. $226.00 in United States currency seized from the person of FROILAN CUEVAS on May 23, 2013.

    b. $772.00 and $4,000.00 in United States currency seized from the apartment at 4131 S. 25th St. #12, on May 23, 2013.

3. The defendants' interests in the above properties are forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The properties are to be held by the plaintiff in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the plaintiff shall publish for at least 30 consecutive days on an official

---

[1] This order primarily addresses the properties that Cuevas and Meza-Galvez may have had an interest in, and that were seized from their person or the apartment where Meza-Galvez was arrested. The Court has already entered a preliminary order of forfeiture as to the money seized from Luis Vallejo, who was found guilty after a jury trial. Filing 192. And the final co-defendant, Jorge Muñoz-Ramon, has not yet gone to trial or pleaded guilty. Neither Cuevas or Meza-Galvez have claimed any interest in the properties seized from Vallejo or Muñoz-Ramon. For the sake of completeness, the Court finds that Cuevas and Meza-Galvez have also forfeited any interests in those properties, which are mentioned in paragraphs (a) and (d) of the operative indictment. Filing 141 at 3. However, it is not necessary at this time for the Court to *re*-authorize the seizure of the property from Vallejo. Filing 192. And it is not yet appropriate to formally authorize the seizure and set forth an order for the disposition of the property seized from Muñoz-Ramon, as he has not been found or pleaded guilty.

Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the properties must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the properties and any additional facts supporting the petitioner's claim and relief sought.

7. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 10th day of April, 2014.

                                                BY THE COURT:

                                                _____
                                                John M. Gerrard
                                                United States District Judge